FILED
SUPERIOR COURT
OF GUAM

2012 SEP 26 AS II: 26

CLERK OF COURT
BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| SCOTT K. MOYLAN, | ) CIVIL CASE NO. CV1537-09 |
| | ) |
| | ) |
| | ) |
| vs. | ) **DECISION AND ORDER** |
| | ) |
| | ) On Plaintiff's Statement of Objection to |
| CITIZENS SECURITY BANK (MEMBER | ) Competency of |
| ANZ Group of Companies), DOE | ) Honorable Michael J. Bordallo |
| CORPORATIONS 1-5, and JOHN DOES | ) |
| 1-5, | ) |
| | ) |
| Defendants. | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on July 12, 2012, on Plaintiff Scott K. Moylan's Statement of Objection to the Competency of the Honorable Michael J. Bordallo to preside as judge in the above captioned case. Attorneys Curtis C. Van de veld and Douglas B. Moylan represent the Plaintiff. Attorney Duncan G. McCully represents Defendant ANZ Guam, Inc. The Court now issues its written decision.

## BACKGROUND

On April 26, 2012, Plaintiff filed a "Statement of Objection" to the judicial competency of the Honorable Michael J. Bordallo to preside in this case pursuant to 7 GCA § 6107. The grounds set forth by Plaintiff in his objection to Judge Bordallo primarily stem from allegations identifying Judge Bordallo and his sister-in-law, Patricia Salas, as the subject of information disclosed by Plaintiff in relation to a letter from the Federal Deposit Insurance Corporation.

Moylan v. ANZ Guam, Inc. (CV1537-09)          Page 1 of 6
Decision and Order – Statement of Objection

Pl's Statement of Objection at ¶ 3. Plaintiff contends that he will require Judge Bordallo to be a material witness in a collateral FDIC case involving Plaintiff. *Id.* at ¶ 5. Plaintiff further admits that "[a]lthough Plaintiff and counsels did not believe that disqualification was previously necessary, the recent FDIC letters threatening prosecution against Scott Moylan, and involving this Honorable Court as a material witness requires the Court's disqualification." Pl's Statement of Objection at ¶ 9.

On May 3, 2012, a Declaration of Duncan G. McCully Re: Statement of Objection was filed. The law firm of McCully & Beggs, P.C. serves as attorneys for Defendant ANZ Guam, Inc. Likewise, on May 7, 2012, the Honorable Michael J. Bordallo filed an Answer to Statement of Objection, stating he "knows of no reason that he should be disqualified as a trial judge in the matter pursuant to 7 GCA §§ 6105 and 6107."

## DISCUSSION

A statement of objection is not a motion. Thus, the determination of a judge's disqualification is outside the usual law and motion procedural rules. *People v. Johnny*, 2006 Guam 10 ¶ 9 (citing *Urias v. Harris Farms Inc.*, 285 Cal. Rptr. 659, 662 9ct. App. 1991). In view of this, whenever a judge "neglects or fails to declare his or her disqualification...any party to such action or proceeding...may present to the court and file with the clerk a written statement...setting forth the fact or facts constituting the ground of the disqualification of such Justice or Judge." *Johnny*, 2006 Guam 10 ¶ 11 (citing 7 GCA § 6107 (2005)). "[A] reasonable person standard must be applied to determine whether recusal is necessary." *Dizon v. Superior Court*, 1998 Guam 3 ¶ 8.

### Requirements for a Statement of Objection

"Two statutory provisions govern judicial disqualification in Guam. Title 7 GCA § 6105 sets forth the substantive grounds under which judges and justices are required to automatically disqualify themselves and 7 GCA § 6107 provides the procedural framework governing disqualification." *People v. Tennessen*, 2010 Guam 12 ¶ 8. There are three requirements that must be adhered to in a statement of objection (1) "be served...on the Justice or Judge alleged in such statement to be disqualified," (2) "be verified in the manner prescribed for the verification of pleadings," and (3) "be presented at the earliest practicable opportunity." See *Johnny*, 2006 Guam 10 ¶ 11. "A party's failure to comply with any of these requirements constitutes sufficient grounds to strike or disregard the statement of objection." *Johnny*, 2006 Guam 10 ¶ 11 (citing *Long Term Credit Bank of Japan v. Superior Court*, 2003 Guam 10 ¶ 43 (observing that "because service was deficient, the [challenged judge] was not required to file an answer.").

The first requirement as articulated supra is that the Judge be personally served. The statute provides in relevant part that "[c]opies of such written statement shall forthwith be served by the presenting party on each party, or his or her attorney, who has appeared in the action or proceeding and on the Justice or Judge alleged in such statement to be disqualified." 7 GCA § 6107 (2005). The Supreme Court of Guam "has held that section 6107 requires an objecting party to personally serve its statement of objection upon the challenged judge or justice." *Johnny*, 2006 Guam 10 ¶ 15 (citing *Long Term Credit Bank of Japan*, 2003 Guam 10 ¶ 37). "If service is not waived, the person effecting service shall make proof thereof to the court. If service is made by a person other than a marshal or deputy marshal, the person shall make an affidavit thereof." Guam R. Civ. P. 4(l) (2010). In the instant case, the file is devoid

of any evidence indicating that Judge Bordallo was personally served.[1] Accordingly, the Court finds non-compliance with the first requirement for a validly filed statement of objection and STRIKES the statement of objection.

Notwithstanding Plaintiff's non-compliance with the personal service requirement, the Honorable Michael J. Bordallo filed an answer on May 7, 2012. Within ten (10) days after the service of such statement or ten (10) days after the filing of any statement, whichever is later in time, the Justice or Judge alleged therein to be disqualified may file with the clerk his or her consent in writing that the action or proceeding continue without him or her, or may file with the clerk his or her written answer admitting or denying any or all of the allegations contained in such statement and setting forth any additional fact or facts material or relevant to the question of his or her disqualification. 7 GCA § 6107 (2005). The statutory provision also requires that "[e]very such statement and every answer shall be verified in the manner prescribed for the verification of pleadings. *Id.* The Court recognizes that the answer was not verified. "[A] verification by 7 GCA § 6107 'must be verified in the manner set forth in 6 GCA § 4308.'" *Van Dox v. Superior Court of Guam*, 2008 Guam 7 ¶ 23 (quoting Guam v. Johnny, 2006 Guam 10 ¶ 15)(citing Long-Term Credit Bank, 2003 Guam 10 ¶ 42, n. 16). "If an answer is not verified, then the answer is inadequate and may be disregarded." *Van Dox*, 2008 Guam 7 ¶ 22.

The Court must strike the unverified answer filed in this case, and therefore, it would, at first glance, appear that the challenged judge would be deemed to have consented to disqualification, however, as previously discussed, the statement of objection filed in this case is also deficient due to the failure to comply with the service requirements of 7 GCA § 6107.

---

[1] While there is no proof of service relative to the Statement of Objection served on the Honorable Michael J. Bordallo, the Court notes that such a statement was filed on April 24, 2012.

*Reyes v. Oropesa*, DM0834-10, at 5 (Super. Ct. Guam Aug. 9, 2011). Accordingly, there is nothing for the Court to consider.

**Legal Sufficiency**

Even if the Court ignores the procedural deficiency of the statement of objection, there would be no judicial disqualification, because the statement of objection is legally insufficient. "[A] statement of objection which fails to allege any facts that would serve as grounds for disqualification under Guam law is defective. *Johnny*, 2006 Guam 10 ¶ 19. The Supreme Court of Guam ruled that "statements of objection allege one of the grounds of disqualification found in 7 GCA § 6105 (2005)." *Id.*

The objection primarily touches on purported grounds being 7 GCA § 6105 (b)(1), 7 GCA § 6105 (b)(4), 7 GCA § 6105 (b)(5)(i) and 7 GCA § 6105 (b)(iv). In the Court's review, it finds no showing that the Honorable Michael J. Bordallo is likely to be a material witness in the instant case. Furthermore, there is no showing that the Honorable Michael J. Bordallo is a party to the proceeding, or an officer, director, or trustee of a party. Likewise, the objection cannot sustain that the Honorable Michael J. Bordallo has a financial interest in the subject matter in controversy or is a party to the subject matter in controversy or is a party to the proceeding, or in any other interest that could be substantially affected by the outcome of the proceeding. The objection on the ground that a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding is also too remote. For these reasons and the reasons above, the Court DENIES Plaintiff's Objection to the Competency of the Honorable Michael J. Bordallo to preside as judge in the above captioned case.

/ / /

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court STIKES Plaintiff's Statement of Objection and Judge Bordallo's Unverified Answer to Statement of Objection. Accordingly, the Court Denies Plaintiff's Objection to the Competency of the Honorable Michael J. Bordallo to preside as judge in the above captioned case. This case shall be returned to the docket of the Honorable Michael J. Bordallo, forthwith.

**SO ORDERED** this _26_ day of _Sept_, 2012.


_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

SEP 2 6 2012

Edna M. Nego
Deputy Clerk, Superior Court of Guam